UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. ) |
| APPROXIMATELY 217,166.77 IN TETHER CRYPTOCURRENCY SEIZED FROM A BINANCE ACCOUNT HELD IN THE NAME OF R.A.O., | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW, Plaintiff the United States of America, by and through its attorneys Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said district, and for its Verified Complaint for Forfeiture states as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought by the United States, pursuant to 18 U.S.C. § 981, seeking forfeiture of all right, title, and interest in the above-captioned defendant property, which are traceable to proceeds of wire fraud (in violation of 18 U.S.C. § 1343) and bank fraud (in violation of 18 U.S.C. § 1344), and as property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

1

2. The defendant property is more fully described as 217,166.77 in Tether cryptocurrency that was seized from a Binance account held in the name of R.A.O. (the "Defendant Property") on or about September 15, 2023.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because this is a civil action arising under the laws of the United States, because it is a proceeding of forfeiture, and because it has been brought by the United States.

4. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1345 and 1355 because this is a proceeding for forfeiture, and because it has been brought by the United States.

5. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1355 because an act giving rise to the forfeiture occurred in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

6. 18 U.S.C. § 1343 (wire fraud) criminalizes devising or intending to devise a scheme to defraud (or performing specific fraudulent acts) through the use of an interstate telephone call or electronic communication.

7. 18 U.S.C. § 1344 (bank fraud) criminalizes knowingly executing, or attempting to execute, a scheme or artifice to defraud a financial institution or to obtain any of the moneys owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

8. 18 U.S.C. § 1956 (concealment money laundering) criminalizes conducting or attempting to conduct a financial transaction that involves the proceeds of specified unlawful activity (including wire fraud and bank fraud), knowing that the property involved in the

transaction represents the proceeds of some form of unlawful activity, and knowing the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specific unlawful activity.

9. 18 U.S.C. § 1957 (the money laundering spending statute) criminalizes knowingly engaging or attempting to engage in a monetary transaction in criminally derived property from a specified unlawful activity (including wire fraud and bank fraud) in an amount greater than $10,000.

10. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to 18 U.S.C. §§ 1343 or 1344 is subject to civil forfeiture.

11. Pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property, is subject to civil forfeiture.

## FACTS GIVING RISE TO FORFEITURE

12. At all times relevant to this Complaint,

    a. Cass Bank had its headquarters in St. Louis, Missouri, within the Eastern District of Missouri, and was a "financial institution" within the meaning of Title 18, United States Code, Section 20, because it was an insured depository institution of the Federal Deposit Insurance Act.

    b. Victim 1 was a non-profit company based in Phoenix, Arizona, that was a customer of Cass Bank.

    c.  Victim 1 held a bank account ending in #7298 with Cass Bank (hereinafter the "Account").

  13. At some point prior to June 12, 2023, the email accounts of several of Victim 1's employees, including the Vice President of Finance (the "VP"), were hacked.  Specifically, unknown subject(s) accessed these email accounts without permission, including to send unauthorized email messages from the accounts and to create email rules that automatically redirected messages between Victim 1 and Cass Bank to a hidden folder that was not easily accessible to Victim 1 and its employees.  Throughout this scheme, the unknown subjects transmitted, or caused to be transmitted, wire communications in interstate or foreign commerce for the purpose of executing such scheme.

  14. On or about June 12, 2023, an unknown subject, falsely purporting to be the VP, sent an email message from the VP's actual email account to Cass Bank requesting that Victim 1's President be set up as an administrator for the Account.  In truth and fact, the VP did not himself send, nor did he authorize anyone else to send, this email message to Cass Bank.

  15. Between approximately June 20 and June 22, 2023, an unknown subject falsely purporting to be the VP sent several email messages from the VP's actual email account to Cass Bank requesting that the Account be enrolled in ACH payment processing.  As a result of these messages, Cass Bank set up ACH payment processing on the Account.  In truth and fact, the VP did not himself send, nor did he authorize anyone else to send, these email messages to Cass Bank.

  16. Between approximately July 6 and July 11, 2023, an unknown subject fraudulently caused 44 ACH transactions, totaling $1,188,457.78 USD, to be transferred from the Account to various financial accounts at Pathward, N.A. ("Pathward"), Community Federal Savings Bank,

Evolve Bank and Trust, and Sutton Bank. When Victim 1 discovered these fraudulent ACH transactions, Victim 1 informed Cass Bank. Thereafter, Cass Bank requested the transfers to be reversed, which resulted in the recovery of $472,652.58 USD. However, $715,805.20 USD from these transfers was not able to be recovered.

17. On or about July 7 and July 11, 2023, an unknown subject fraudulently caused the following ACH transactions, totaling $1,900,000, to be deposited into the Account from a Webster Bank account held in the name of a law firm in New York ("Victim 2"):

| Date | Type | Amount | Transferred From |
|---|---|---|---|
| 7/7/2023 | Incoming ACH | $900,000.00 | Webster Bank account held in the name of Victim 2 |
| 7/11/2023 | Incoming ACH | $1,000,000.00 | Webster Bank account held in the name of Victim 2 |

Victim 2 did not authorize either of the above transfers of funds into the Account.

18. Between July 6 and July 20, 2023, an unknown subject falsely purporting to be the VP called Cass Bank on multiple occasions. During these calls, the unknown subject requested that the ACH limit on the Account be increased to accommodate the incoming transfer of funds described above. In truth and fact, the VP did not himself call, nor did he authorize anyone else to call, Cass Bank to increase the ACH limit on the Account.

19. Approximately $420,325.61 of the funds that were fraudulently withdrawn from the Account were transferred to twelve different accounts held at Pathward. These funds were then transferred to twelve accounts held at Coinbase, where they were used to purchase bitcoin. The purchased bitcoin was then transferred to various cryptocurrency wallets held by a Binance account in the name of R.A.O. (the "R.A.O. Account").

5

20. On or about September 15, 2023, agents with the Federal Bureau of Investigation executed a federal seizure warrant on the R.A.O. Account and seized the Defendant Property.

### Count I – Forfeiture as Proceeds of Wire Fraud
### 18 U.S.C. § 981(a)(1)(C)

21. Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

22. The Defendant Property constitutes or is derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343.

23. As such, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to wire fraud.

### Count II – Forfeiture as Proceeds of Bank Fraud
### 18 U.S.C. § 981(a)(1)(C)

24. Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

25. The Defendant Property constitutes or is derived from proceeds traceable to bank fraud in violation of 18 U.S.C. § 1344.

26. As such, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to bank fraud.

### Count III – Forfeiture as Property Involved in Money Laundering
### 18 U.S.C. § 981(a)(1)(A)

27. Each of the foregoing allegations is hereby incorporated by reference as if fully set

forth herein.

28.     The Defendant Property was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956.

29.     As such, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or any property traceable to such property.

### Count IV – Forfeiture as Property Involved in Money Laundering
### 18 U.S.C. § 981(a)(1)(A)

30.     Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

31.     The Defendant Property was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957.

32.     As such, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that notice issue on the Defendant Properties as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: September 12, 2024

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:  (314) 539-2200
Facsimile:   (314) 539-2777
*kyle.bateman@usdoj.gov*

## **VERIFICATION**

I, Rodrigo Fuzon, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent with the Federal Bureau of Investigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 9/10/2024
(date)

_____
RODRIGO FUZON
Special Agent
Federal Bureau of Investigation